IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>v.<br><br>COURTNEY GENE JETER    (01),<br><br>Defendant/Movant. | CR. NO. 21-00126 JMS<br>CIV. NO. 25-00208 JMS-RT<br><br>FINAL ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY, ECF NO. 166; AND DENYING CERTIFICATE OF APPEALABILITY |

## FINAL ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY, ECF NO 166; AND DENYING CERTIFICATE OF APPEALABILITY

On September 30, 2025, the court issued an Order Denying in Part Defendant/Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("§ 2255 Motion") as to all of the grounds—except for one, the claim that sentencing counsel was ineffective for failing to file a notice of appeal—of Defendant/Movant Courtney Gene Jeter's ("Jeter") § 2255 Motion, ECF No. 166.  *See* ECF No. 178 (the "September 30, 2025 Order").  The court also denied a Certificate of Appealability as to those grounds.  As set forth in the September 30, 2025 Order, however, an evidentiary hearing was required to evaluate the last ground of the § 2255 Motion, alleging ineffective assistance of counsel as to Jeter's

former counsel, Gary Singh ("Singh"), regarding the lack of filing a notice of appeal.

The court held the evidentiary hearing on December 3, 2025. For the reasons stated on the record in open court—having considered the filings and record in the case, as well as the demeanor and manner of the testimony of the witnesses—the court DENIES the § 2255 Motion as to the last ground (ineffective assistance of counsel regarding the failure to file a notice of appeal after allegedly having been asked to appeal).

The court also concludes that Jeter has not made "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and thus DENIES a certificate of appealability as to the last ground. *See* R. 11 Governing Section 2255 Proceedings (providing that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant"). There is no basis for finding that the performance of counsel was deficient, nor that any deficiency was prejudicial. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984) (explaining standards for ineffective assistance of counsel). As explained on the record at the December 3, 2025 hearing, the court has made a credibility determination, finding that Singh testified credibly that he was not told by Jeter to file a notice of appeal. *See, e.g.*, *Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000) (setting forth standards to evaluate ineffective assistance of counsel where a notice of appeal is not filed).

Having made such a credibility determination, a certificate of appealability is not warranted.  *See, e.g.*, *United States v. Washington*, 425 F. App'x 735, 2011 WL 2210029, at **1 (10th Cir. June 8, 2011) (denying a certificate of appealability where defendant "offers us no good reason to believe the district court clearly erred in believing [his former counsel's] testimony over that of [defendant]").  That is, given the court's factual findings, no reasonable jurist could find it debatable that Jeter has failed to meet the *Strickland* standard.  *See, e.g.*, *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.").

To summarize, for the reasons (1) stated in open court as to the claim of ineffective assistance of counsel regarding a failure to file a notice of appeal, and (2) given in the September 30, 2025 Order as to the other grounds, *see* ECF No. 178, Jeter's § 2255 Motion, ECF No. 166, is DENIED and a certificate of appealability is DENIED as to all claims.  The Clerk of Court shall close the case file in Civ. No. 25-00208 JMS-RT.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, December 4, 2025.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge